IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| HAL B. MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:07CV444-HEH |
| | ) |
| GOLDSCHMIDT CHEMICAL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
(Granting-in-Part and Denying-in-Part Defendant's Motion to Dismiss)

This is a Title VII and ADEA discrimination suit. It is before the Court on Defendant Goldschmidt Chemical Corporation's ("Goldschmidt") Motion to Dismiss filed on August 30, 2007. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process at this stage. For the reasons stated herein, the Court will grant-in-part Defendant's motion.

### I. Background

Plaintiff Hal B. Miles ("Miles") is a former chemistry teacher that has worked for Goldschmidt since January 1988. Goldschmidt is Germany's third largest chemical company and operates over 300 facilities in 60 countries. Miles is a 51 year-old African American and works with surfactants at Goldschmidt's North Plant in Hopewell, Virginia.

Miles was employed as a plant supervisor in mid-2004 when the next senior position of Plant Production Manager became available. He was asked by Goldschmidt to serve as Acting Plant Production Manager until the position was filled and did so until December 2006. Miles interviewed for the permanent position, but was ultimately rejected in favor of Derrick Dagostino, a 32 year-old Caucasian hired from outside the company. In Goldschmidt's view, Dagostino was more qualified for the Plant Production Manager position than Miles. The exact date the hiring decision was announced is not contained in the pleadings.

Miles received a performance evaluation in January 2006. He was given a satisfactory rating, but nonetheless placed at the bottom of his evaluation form the statement "[s]ometimes I feel like I am being discriminated against." Miles contends that he was consequently given a choice by the President of Goldschmidt, Dr. Brand, to either commence psychological counseling for an oversensitivity to discrimination or be terminated. Goldschmidt counters that Miles was counseled for an "unwarranted hypersensitivity to normal working conditions" and was referred to the Employee Assistance Program. The parties agree that Miles underwent counseling from March through October 2006.

Miles filed a complaint with the EEOC in April 2006 alleging discrimination and retaliation. He received a right to sue letter and filed this Complaint, *pro se*, on July 30, 2007. Although the Complaint delineates two counts, the Court and Goldschmidt

2

construe them to embrace four separate theories for recovery. Miles alleges in Count I that Goldschmidt unlawfully failed to promote him due to his race as proscribed by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-1 *et seq.*; and/or his age as prohibited by the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. Count II alleges that both the failure to promote and the compulsory counseling constitute unlawful retaliation for either the written allegation of discrimination Miles appended to his annual evaluation or his EEOC complaint.

Goldschmidt filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on August 29, 2007. The corporation now moves under 12(b)(1) for the dismissal of the failure to promote claim based on age and race because Miles failed to exhaust his administrative remedies. Goldschmidt further moves under 12(b)(6) for dismissal of Miles's claim that he was not promoted as retaliation because the promotion decision predated both his EEOC complaint and his January 2006 annual evaluation. No motion was made at this stage to dismiss Miles's claim that the counseling constituted unlawful retaliation.[1]

## II. Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(1), the party asserting jurisdiction, the plaintiff in this case, has the burden of proving subject matter jurisdiction. *Richmond,*

---

[1] Miles filed a very brief document styled "Plaintiff's Opposition" that could be construed as a full concession to Goldschmidt's motion. Since Miles appears *pro se* and the legal issues at this stage are clear, the Court need not rely on Miles's opposition to evaluate Goldschmidt's motion.

3

*Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* "[T]he nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Generally, dismissals under Rule 12(b)(6) are disfavored by the courts because of their res judicata effect. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). A complaint need only have "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks omitted). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. In considering a motion to dismiss under Rule 12(b)(6), the Court "must assume that the allegations of the complaint are true and

construe them in the light most favorable to the plaintiff." *Martin*, 980 F.2d at 952.

### III. Analysis

A. **Count I: Failure to Promote Due to Race and Age Discrimination**

Miles alleges in Count I that he was passed over for the position of Plant Production Manager because of his race and age in violation of Title VII and the ADEA. Goldschmidt has moved to dismiss these claims under Rule 12(b)(1) because Miles has failed to exhaust administrative remedies.

A plaintiff must fully exhaust applicable administrative remedies before turning to the courts for relief. *Myers v. Bethlehem Shipbldg. Corp.*, 303 U.S. 41, 50 (1938). "Until administrative recourse is exhausted, suit is premature and must be dismissed." *Cavalier Tel., LLC v. Va. Elec. & Power Co.*, 303 F.3d 316, 322 (4th Cir. 2002). Among Title VII's administrative remedies is the requirement that an employee define the scope of his complaint by alleging discrimination in an EEOC charge before proceeding to court. *See* 42 U.S.C. § 2000e-5; *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). An age discrimination suit under the ADEA requires exhaustion of nearly identical administrative remedies. *See* 29 U.S.C. § 633(b); *EEOC v. Commercial Office Prod. Co.*, 486 U.S. 107, 112 (1988) (Title

VII and ADEA filing provisions are "virtually *in haec verba*.").

Miles filed a charge of discrimination on April 6, 2006 with the Norfolk office of the EEOC. He checked boxes on the charge stating that his discrimination was based on "race" and "retaliation." Miles described the discrimination as arising during performance evaluations on January 27, 2006 and February 8, 2006 that he felt did not adequately capture his overall performance in the workplace. The charge contains no mention of the failure to promote Miles to Plant Production Manager. There is also no mention of any discrimination based on age nor did Miles check the block labeled "Age." The claims that Goldschmidt discriminated against Miles based on his race or age when they failed to promote him are not sufficiently within the ambit of the allegations Miles made in his EEOC charge to enable the EEOC to properly investigate the failure to promote. Miles has therefore failed to exhaust his administrative remedies and his claim is consequently non-justiciable. This Court must dismiss the claims contained in Count I of Miles's Complaint under Rule 12(b)(1).[2]

---

[2] Miles filed a Motion to Amend his Complaint on September 21, 2007. The proposed Amended Complaint seeks back-pay for Miles's service as interim Plant Production Manager and asserts a new claim related to Miles's January 2006 evaluation under 42 U.S.C. § 1981. While leave to amend a complaint is often granted liberally, amendments are denied when they would be futile. *See Ward Elec. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987). Mile's proposed Amended Complaint fails to create an actionable claim and would not survive a motion to dismiss. Accordingly, Miles's Motion to Amend his Complaint will be denied in the order accompanying this memorandum opinion.

**B.     Count II: Retaliation by Failing to Promote and Ordering Counseling**

Miles alleges in his Complaint that Goldschmidt failed to promote him and mandated counseling as unlawful retaliation for either filing his EEOC charge or appending an allegation of discrimination to his January 2006 evaluation. Goldschmidt has moved under Rule 12(b)(6) for dismissal of the portion of Count II that alleges the failure to promote Miles to the position of Plant Production Manager amounts to unlawful retaliation. Goldschmidt has not moved to dismiss the counseling-related claim.

Goldschmidt's memorandum in support of its motion to dismiss contends that Miles has not adequately outlined the failure to promote as the form of retaliation he suffered in his EEOC charge, that the EEOC charge would be time-barred if it did contain adequate reference to the failure to promote, and that the failure to promote could not have been retaliation because it occurred over two years before Miles's complaints of discrimination.

The date that Goldschmidt hired Derrick Dagostino as Plant Production Manager over Miles is central to evaluating whether Goldschmidt's failure to promote could have been retaliation for Miles's complaints and whether the EEOC charge was timely made.[3] Unfortunately, the exact date Goldschmidt filled the position is unclear from the pleadings. Miles's Complaint states that the position became vacant in May 2004 and that he expressed interest in the position in June 2004. Miles then states that "at this

---

[3]Miles had 300 days from the date of discrimination to file his EEOC charge. 42 U.S.C. § 2000e-5.

same time, on or about April 1, 2006" he was asked to serve as interim Plant Production Manager while the hiring search took place.

This apparent discrepancy could be a typographical error, but both Miles and Goldschmidt agree in their pleadings that Miles served as acting Plant Production Manager until December 2006. Miles indicated he was the target of discrimination on his January 2006 evaluation sheet and filed his EEOC charge in April 2006. In his EEOC charge, however, Miles makes reference to goals that were set for him in 2005 by "Derrick Dagostino, Plant Manager," suggesting that the hiring decision was made in 2005 or earlier. Goldschmidt does not provide an exact date for the hiring decision but claims in its memorandum of law in support of this motion that the decision was made in November 2004.

Given the parties' agreement that Miles assumed interim duties as Plant Production Manager through December 2006, it is difficult to logically conclude that the permanent position was filled two years earlier. The discrepancy must be resolved in Plaintiff's favor at this stage.

It is at least possible, if not probable, that Miles was rejected for the position after his January evaluation and that his EEOC charge was timely. The facts contained in the record at this stage of the litigation are both minimal and confusing, but construing those limited facts in favor of Miles, the Court must find that Miles has stated a valid claim. Goldschmidt's motion to dismiss Miles's claim that he was not promoted to Plant

Production Manager as retaliation for the statement he attached to his evaluation or his EEOC charge will be denied.

## IV. Conclusion

For the reasons stated above, Defendant's motion is granted-in-part. Count I of Miles's Complaint, that the failure to promote was the result of age and race discrimination, will be dismissed for failure to exhaust administrative remedies. The retaliation claims contained in Count II of Miles's Complaint will proceed.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 9th day of Oct. 2007.
Richmond, VA

9